IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. KOST, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-2404 |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF PUBLIC WELFARE | : | |
| COMMONWEALTH OF PA, ESTELLE | : | |
| B. RICHMAN, SECRETARY, in her | : | |
| official capacity, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Jones, J.**                                                                           **February 20, 2009**

      This is a civil rights action based upon the alleged wrongful treatment and termination of the employment of Plaintiff Peter J. Kost ("Kost") from the Commonwealth of Pennsylvania Department of Public Welfare ("DPW") based upon gender and race discrimination. Kost has filed a Second Amended Complaint (Docket No. 9) (the "Complaint") which names as Defendants DPW Secretary Estelle B. Richman in her official capacity and DPW employees Denise White and Sandy Brooks in their individual capacities. The Second Amended Complaint contains the following claims: (1) a Title VII claim against Defendant Richman (Count I); (2) multiple 42 U.S.C. § 1983 claims against each of the Defendants (Count II); and (3) a Pennsylvania Human Relations Acts ("PHRA") claim against Defendant Richman (Count III).

      Defendant Richman moves to dismiss Kost's § 1983 and PHRA claims for lack of jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1). Defendants White and Brooks move to dismiss Kost's procedural due process and conspiracy-based § 1983 claims on the grounds that they fail to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons that follow, the

motion will be granted with leave to amend in part.

**I.     Facts**

For purposes of this motion, the facts set forth in the Second Amended Complaint must be taken as true.

Kost, a white male who is a veteran, was hired on April 18, 2005, to work as an Income Maintenance Caseworker for DPW. Complaint ¶ 19. At the beginning of his tenure with the Defendant, Kost was directly supervised by a white female, Donna McMahon. Id. at ¶ 23. At his three month review, Defendant found that Kost had a good working knowledge of the job because of his prior experience, achieved perfect scores in his training quizzes, had a firm command of cash policy, did well on his medical assessment, completed food stamp reviews without difficulty, and helped other trainees. Id. at ¶ 24. Defendant Sandy Brooks, an African-American female, became Kost's direct supervisor on September 4, 2005 and remained so until his termination in February of 2006. Id. at ¶ 26. In the months after Brooks became Kost's supervisor, Brooks began to complain about Kost's alleged disruptive behavior. Id. at ¶ 27. In Kost's December 2006 review, Brooks dropped Kost's rating to "unsatisfactory," and stated that Kost's "interpersonal relationships [we]re counter-productive to work unit or team functions and often ignore[d] EEO/diversity program requirements." Id. at ¶ 29.

Defendants:

(a) completed Kost's performance evaluation and placed Plaintiff on probation for untrue and invalid reasons, when female and/or non-white co-workers who were performing at a lower level than he were not placed on probation or poorly evaluated;

(b) made supervisory statements that supervisors did not want to hire veterans because they are all white males;

(c) refused to accept and/or act upon Kost's complaints of harassment;

(d) otherwise treated Kost in a derogatory manner, while not treating non-male/non-Caucasian employees in such a way;

(e) denied explanation for disciplinary actions being taken against Kost and failed to allow Kost the opportunity to rebut the statements made about him and his work performance;

(f) forced all of the male Caucasians in Kost's incoming class to quit, transfer or be terminated, and/or threatened termination if they did not either quit or transfer;

(g) held Kost to a higher standard than that for non-white/non-male coworkers;

(h) required Kost to perform certain tasks which were not required of others; and

(i) blamed Kost for work performed by others.

In January of 2006, Kost filed a discrimination complaint against Jewel Moseley, an African-American female co-worker. Id. at ¶ 32. She had questioned Kost's sexuality and asserted that he should get a sex change operation. Id. Before his termination, Kost went to the Human Relations office and requested to be transferred to another DPW office in the county, but was refused. Id. at ¶ 33. On or around February 23, 2006, Kost was terminated, while other less experienced Caucasian employees with less seniority than Kost were not. Id.

**II.     Legal Standards**

    **A.     Rule 12(b)(1)**

Because the federal courts have limited jurisdiction, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration on the merits." Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir. 1981) (citing Am. Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951)). The burden in on the plaintiff to prove the existence of

jurisdiction.  Mortenson v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In evaluating this facial challenge, the trial court shall accept the Complaint's allegations as true.  Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  However, there are no favorable inferences to be drawn in favor of the plaintiff.  Halstead v. Motorcycle Safety Found., Inc., 71 F.Supp.2d 464, 468 (E.D. Pa. 1999).  If the Complaint fails to assert a colorable claim of subject matter jurisdiction, it may be dismissed.  Id.

      **B.**      **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)); see id. at 231 (stating that Twombly does not undermine the principle that the court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 234 (quoting Twombly, 127 S.Ct. at 1965).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."  Id. (quoting Twombly, 127 S.Ct. at 1965); see Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 321 (3d Cir. 2008) (following Phillips).  This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965) (quotations omitted).

**III.    Discussion**

    **A.    Count I - Title VII**

Defendant Richman has not moved to dismiss Kost's Title VII claim.

    **B.    Count II - § 1983**

        **1.    Defendant Richman in Official Capacity**

Kost does not resist the dismissal of the § 1983 claims brought against Defendant Richman in her official capacity.  These claims will be dismissed pursuant to the principles of Eleventh Amendment immunity.  U.S. Const., Amend. XI; Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89 (1984).

        **2.    Defendants Brooks and White in Individual Capacities**

            **a.    Fourteenth Amendment Due Process Claim**

Kost alleges that he was deprived of "his property rights in his job without due process." Complaint ¶ 44.  This is a § 1983 claims based on an alleged violation of Kost's Fourteenth Amendment right to procedural due process.

In Pennsylvania, public employees are generally at-will employees who have no protected property right in their continued employment.  Grabiak v. Pa. State Police, No. 05-6318, 2006 WL 2381766, at *4 (E.D. Pa. Aug. 14, 2006) (citing Elmore v. Cleary, 399 F.3d 279, 283 (3d Cir. 2005)).  However, in Pennsylvania "civil service protection can create that property interest." Conjour v. Whitehall Twp., 850 F.Supp. 309, 315 (E.D. Pa. 1994).  Even so, under Pennsylvania law before municipal employees may invoke the protection afforded by civil service regulations, they must first demonstrate that their appointment was in compliance with those laws.  See

<u>Municipality of Penn Hills v. Municipality of Penn Hills Personnel Bd./Civil Serv. Comm'n</u>, 87 Pa. Commw. 552, 487 A.2d 1048, 1050 (Pa. Commw. Ct. 1985) ("The application of the civil service laws is a two way street, i.e., before one may invoke the protection afforded thereby, one must show that an appointment or promotion was in accordance with the laws in effect at the time of the appointment or promotion."); <u>see also</u> <u>Bernardi v. City of Scranton</u>, 598 F.Supp. 26, 30-32 (M.D. Pa.1984); <u>Gallagher v. Board of Comm'rs</u>, 438 Pa. 280, 283, 264 A.2d 699, 701 (1970).

In his briefing, it appears that Kost argues that (1) he would have had a property interest in his employment had he become a non-probationary civil service employee before he was terminated and (2) Defendants Brooks and White improperly extended Kost's probationary period so that did not occur.  Whether or not this can form the basis of a successful argument is irrelevant, however, because the Complaint contains no factual allegations to support it – <u>i.e.</u>, no factual allegations concerning any extension of Kost's probationary period, any delay in his progression to full civil service employee status, or any connection between Kost's termination and the end date of his probationary period.  Because Kost is referring to facts not in the Complaint, it is inappropriate for Kost to argue that "if these facts are true," this motion to dismiss must be denied.

Based on the Complaint, there are no facts to support the argument that Kost was appointed to the civil service such that he may invoke the protections thereof in positing the existence of a protected property interest in state employment.  Without those protections, Kost's employment remained at will and outside the ambit of procedural due process safeguards, and the Complaint fails to state a claim for violation of Kost's procedural due process rights.

### b. Conspiracy Claim

Kost alleges that "[a]t all material times hereto, defendants were acting jointly in a civil conspiracy to deprive plaintiff of his job, employment and livelihood for discriminatory reasons." Complaint ¶ 45. This is a § 1983 claim based on an alleged civil conspiracy.

Defendants correctly state the law governing this claim. "In order to state a conspiracy claim under § 1983, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Santucci v. Gross, 2007 WL 2688650, at *5 (E.D.Pa. Sept. 10, 1997) (citing Piskanin v. Hammer, 2005 WL 3071760 at *4 (E.D.Pa. Nov.14, 2005); Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000)). To plead the existence of a conspiracy, "[a] plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." Dennison, 268 F. Supp. 2d at 401 (citing Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D.Pa. 1999); Hammond v. Creative Financial Planning, 800 F. Supp. 1244, 1248 (E.D.Pa. 1992)). "At a minimum, to comply with the standard under Rule 8(a), a complaint averring conspiracy must set forth 'a valid legal theory and ... adequately state[ ] the conduct, time, place, and persons responsible.'" Sung Tran v. Delavau, LLC, 2008 WL 2051992, at *10 (E.D.Pa. May 13, 2008) (parentheses in original) (quoting Adams v. Teamsters Local 115, 214 Fed. Appx. 167, 175 (3d Cir.2007)). "A mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the pleading requirements for a conspiracy claim." Id. (quoting Loftus v. Se. Penn. Transp. Auth., 843 F.Supp. 981, 987 (E.D.Pa. 1994)); Adams, 214 Fed. Appx. at 175.

The Court finds that, under this analytical rubric, the allegations in Kost's Complaint are

insufficient.  The general language used in paragraph 45 does not satisfy the above-described pleading requirements for a conspiracy claim.  Nor do the allegations contained in paragraph 46: "Defendants were engaged in a regular custom or pattern and practice, course of conduct to deprive men and particularly white men of their positions with the Department of Public Welfare, as evidenced by their dismissal, firing or forcing to quit of all men who were hired with Plaintiff."  None of these allegations adequately state the conduct, time, place, and persons responsible for a supposed conspiracy.  More importantly, there are no allegations detailing a specific agreement or understanding among the Defendants to plot, plan, or conspire to carry out the conduct that was the alleged outcome of the conspiracy.[1]

Plaintiff cites other allegations in the Complaint of specific wrongdoing - namely those contained in a laundry list in paragraph 31.  But these references suffer from the same flaws as paragraphs 45 and 46.  They do not adequately describe a specific agreement to plot, plan, or conspire to carry out the alleged outcome of the conspiracy.  This is illustrated by the opening line of the paragraph, which states that it merely describes "[t]he discriminatory actions of Defendant by and through the actions of its employees..."  This alone does not a conspiracy make; indeed, it is merely the type of talismanic invoking of a general "acting in concert" that precedent disfavors.

The Complaint therefore fails to state a § 1983 civil conspiracy claim.

### c. First Amendment Retaliation Claim

Defendants Brooks and White have not moved to dismiss Kost's § 1983 First Amendment retaliation claim.

---

[1] Indeed, the allegations even only mention one Defendant by name – Brooks.  Brooks cannot conspire with herself.

**C.     Count III - PHRA**

Kost does not resist dismissal of his PHRA claims due to Eleventh Amendment immunity as applied to state law claims brought in federal court pursuant to supplemental jurisdiction. Pennhurst, 465 U.S. at 121.

**IV.    Conclusion**

Counts II and III as to Defendant Richman in her official capacity will be dismissed with prejudice based on the principles of Eleventh Amendment immunity.  Count II as to Defendants Brooks and White in their individual capacities will be dismissed without prejudice as to (1) the Fourteenth Amendment procedural due process claim and (2) the civil conspiracy claim. Because this is the first time the Court has passed upon the sufficiency of Kost's Complaint concerning these issues,[2] Kost will be given fifteen (15) days leave to amend the Complaint regarding the allegations supporting these two claims.

Count I will proceed against Defendant Richman in her official capacity.  Count II will proceed as to the § 1983 First Amendment retaliation claim against Defendants Brooks and White in their individual capacities.

---

[2] The first motion to dismiss in this matter concerned a Complaint that did not bring claims against Defendants Brooks and White.  The Court previously granted Plaintiff leave to file the Second Amended Complaint and add those Defendants, but this is the first opportunity the Court has had to review the sufficiency of the additional claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. KOST, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-2404 |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF PUBLIC WELFARE COMMONWEALTH OF PA, ESTELLE B. RICHMAN, SECRETARY, in her official capacity, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 20th day of February, 2009 it is ORDERED that Defendant's Motion to Dismiss the Second Amended Complaint (Docket No. 13) is GRANTED as follows:

1. Counts II and III as to Defendant Richman in her official capacity are dismissed with prejudice.

2. Count II as to Defendants Brooks and White in their individual capacities is dismissed without prejudice as to (1) the Fourteenth Amendment procedural due process claim and (2) the civil conspiracy claim. Plaintiff is granted leave to file an amended complaint regarding the allegations supporting these claims within fifteen (15) days.

3. Count I will proceed against Defendant Richman in her official capacity.

4.  Count II will proceed as to the § 1983 First Amendment retaliation claim against Defendants Brooks and White in their individual capacities.

BY THE COURT:

/s/ C. Darnell Jones II

_____
C. DARNELL JONES II,      J.